IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv243 |
| BRUCE FREDRICKS, ET AL. | § | |

MEMORANDUM OPINION AND ORDER REGARDING VENUE

R. Wayne Johnson, an inmate confined at the Jester III Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brings this civil rights action against several prison officials.

Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred at the Jester III Unit. Plaintiff's claims therefore arose at the Jester III Unit. In addition, the defendants appear to be employed at the Jester III Unit. The Jester III Unit is located in Fort Bend County. Pursuant to 28 U.S.C. § 124, Fort Bend County is located in the Houston Division of the Southern District of Texas.

As Fort Bend County is located in the Houston Division of the United States District Court for the Southern District of Texas, venue with respect to plaintiff's claims is not proper in this court.

When a case or claim is filed in the wrong district, the court shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

It is therefore **ORDERED** that this lawsuit is **TRANSFERRED** to the Houston Division of the United States District Court for the Southern District of Texas.

SIGNED this 21st day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge